**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| vs. | : | |
| | : | |
| DAMIEN L. CUFFY | : | #06-65-02 |

**RESPONSE OF DAMIEN L. CUFFY TO**
**GOVERNMENT'S MOTION FOR DETENTION HEARING**

      Pursuant to 18 U.S.C. §§ 3142 and 3142, Defendant, Damien L. Cuffy, through counsel, respectfully submits this Reply to Motion for Detention and in support thereof avers as follows:

      1.    Title 18 Section 3142 requires that a person charged with an offense be released on personal recognizance, upon execution of an unsecured appearance bond or upon conditions, unless the court determines pretrial release will not reasonably assure the appearance of the Defendant, Damien L. Cuffy, as required.

      2.    The government has alleged there is a serious risk of flight if Mr. Cuffy is granted pretrial release and has proffered nothing in support of this allegation in the Motion for Detention.

      3.    When conducting a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance as required the judicial officer shall take into account the following factors pursuant to Title 18 Section 3142(g):

1

### (1) Nature and Circumstances of Offense Charged

4.  This case does not involve a crime of violence or a narcotic drug, but rather, involves a single incident where the police responded to an altercation in the parking lot of a nightclub and found at least four men in and/or around an automobile where two firearms were recovered.

5.  There were no reports that any firearm was displayed, brandished or used in any way during the altercation.

### (2) Weight of the Evidence

6.  The evidence in this case involves almost exclusively the testimony of two police officers, what they observed and their recollection of what occurred late at night in the dark parking lot of a nightclub.

7.  Other than the firearms, there is no physical evidence to corroborate any of the allegations or recollection of the two officers.

### (3) History and Characteristics of the Person

8.  The *character, physical condition and mental condition* of Mr. Cuffy are unremarkable. He has no history of mental illness, attended William Penn High School and later obtained a G.E.D.

9.  The *family ties* of Mr. Cuffy include his entire family living in the District of Delaware. He is a United States citizen who came to this country from Trinidad when he was three years old .

10. Mr. Cuffy has two children for whom he pays support of $300 per month.

11. Mr. Cuffy's father died in 1999.

12. For the last five years Mr. Cuffy lived at 163 Sugarberry Drive, New Castle, Delaware in a home that his mother, Ms. Denise Cuffy, owns.

13. For twenty years prior to living at Sugarberry Drive, Mr. Cuffy lived at 12 Oakmont Drive, again with his mother and, until his death, father in a home which they owned.

14. For the last six years, Ms. Denise Cuffy has been employed by Bank One as a credit analyst. For four years prior to Bank One, Ms. Cuffy was employed by Delaware Park Horse Racing as a cage cashier. Both jobs are considered positions of trust.

15. Mr. Cuffy has one brother and two sisters. His brother, Laurian Cuffy, has been in the United States Army for the last twenty years where he is a major and presently stationed in Iraq.

16. Ms. Marion Cuffy is a sister of Mr. Cuffy. She resides with her four children at 84 Oakmont Drive, New Castle, Delaware. Since 2004 Mr. Marion Cuffy was employed at J. P. Court 20 in Wilmington. Prior to that employment, Ms. Marion Cuffy was employed for fifteen years by the Superior Court of Delaware. She is an officer of the court.

17. Ms. Cynthia Ritzie, Mr. Cuffy's other sister, resides at 74 Carlin Drive, New Castle, Delaware with her three children. For the last two years she has been employed by the Wilmington Housing Authority.

18. The two year *employment* of Mr. Cuffy with Phillips and Cohen Associates ended in March of 2006 after his arrest by local authorities on these charges.

19. Mr. Cuffy does not posses significant *financial resources*. However, through his family, there may be sufficient resources available to comply with any release conditions, including the posting of real estate.

20. Although the *past conduct* and *criminal history* contained in the Pretrial Services Report appear to contain significant contacts with the criminal justice system a closer analysis reveals otherwise.

21. The February 25, 2002 Recklessly Endangering conviction is the predicate offense which gives the court jurisdiction in this case.

22.  The only other two convictions are for Driving Under the Influence. The first conviction was on October 29, 2002 and the second conviction on August 26, 2003.

23.  Mr. Cuffy denies any present problems with drugs or alcohol and any problems with drugs or alcohol indicated by the report are at least three years old.

24.  Mr. Cuffy's *record concerning court appearances* reveals two Capias' which were issued during his prosecution for Recklessly Endangering. The first Capias was issued on November 5, 2001 and returned on November 19, 2001. The second Capias was issued on November 27, 2001. Certainly the time period during which the Capias' were issued and returned supports the inference that Mr. Cuffy's failure to appear was a result of some type of miscommunication or confusion rather that a serious flight to avoid prosecution.

25.  A Capias was issued on August 26, 2003 for failing to pay fines in one of the D.U.I. cases, as opposed to fleeing from the court jurisdiction, and another traffic citation related Capias was issued on April 20, 2006 by J.P. Court 20 in Wilmington, where his sister is employed.

26.  Lastly a detainer was lodged by the State of Maryland against Mr. Cuffy for absconding from supervision. Mr. Cuffy is unaware of the nature of this violation because he has lived at only two addresses for the last twenty five years both of which were reported to the supervising authorities.

27.  Interestingly, there is no information in the Pretrial Services report concerning when the State of Maryland issued the Capias or Warrant for Mr. Cuffy. The underlying case to which this Capias or Warrant relates is likewise not reported. Had the State of Maryland properly entered Mr. Cuffy's arrest, conviction and warrant information into N.C.I.C. this violation of probation could have been addressed at the time of any of Mr. Cuffy's arrests.

28.  Furthermore, the State of Maryland did not act upon this warrant until prodded by the authorities in this case. This represents a lack of prosecutorial interest rather than flight to avoid prosecution.

### **(4) Nature and Seriousness of Danger to Others**

29.     That Mr. Cuffy is a danger to others has not been alleged in the Motion for Detention and is not supported by his past conduct.  There is no history of assaultive behavior in regard to Mr. Cuffy.

### **(5) Other Facts Negating Risk of Flight**

30.     Mr. Cuffy was arrested in state court in March of 2006 and released on bail. At no time did Mr. Cuffy fail to appear for any state court proceeding relating to these charges.

31.     At some point Mr. Cuffy became aware of the pending federal investigation, and subsequent indictment, involving these charges and he did not flee the district.

32.     Mr. Cuffy was aware that law enforcement officials knew where he lived and he did not make any attempt to change his residence or otherwise conceal or disguise his whereabouts.

WHEREFORE, Defendant, Damian F. Cuffy, respectfully requests this court deny the government's Motion for Pretrial Detention.

_____

Dennis P. Caglia, Esquire

**DENNIS P. CAGLIA, ESQUIRE**
**Attorney for Defendant**
**502 Swede Street**
**Norristown, PA 19401**
**(610) 275-7770**

---

### IN THE UNITED STATES DISTRICT COURT
### FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **DAMIEN L. CUFFY** | : | #06-65-02 |

---

### CERTIFICATION OF SERVICE

I, DENNIS P. CAGLIA, Esquire, hereby certify that on the date set forth below, a true and correct copy of the foregoing Response to Motion for Detention Hearing was served upon the following counsel in the manner indicated below.

Electronically as follows:

Edmond Falgowski, Esquire
United States Attorney's Office
1007 Orange Street – Suite 700
P. O. Box 2046
Wilmington, DE 19801


_____
Dennis P. Caglia, Esquire
Date: July 5, 2006      Attorney for Defendant. Damian L. Cuffy