AO 472 (Rev. 3/86) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of _____ Delaware

UNITED STATES OF AMERICA
V.
Damian Cuffy
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case CR06-65-2-GMS.

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I—Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed that is
    ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
    ☐ an offense for which the maximum sentence is life imprisonment or death.
    ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

(1) There is probable cause to believe that the defendant has committed an offense
    for which a maximum term of imprisonment of ten years or more is prescribed in _____.
    ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

X (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

FILED
SEP 1 1 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

**Part II—Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by _____ clear and convincing evidence _____ a preponderance of the evidence: Defendant is charged with a felon in possession of a firearm in violation of 18 USC §922. For the following reasons, detention is warranted both on failure to appear and danger to the community:
1. The evidence against defendant is strong and shows that defendant tried to hide the weapon rather than giving it up to police. It also shows that he was clearly aware that he should not have been in possession of the gun.
2. Although there was a number of family members in the courtroom, those same family members and friends were around when defendant's extensive criminal history occurred. Apparently, their presence and help was not deterrence.
3. Defendant has one drug conviction and 2 DUI convictions. During the two terms of probation je failed to attend treatment as ordered, and as a result the extent of any potential substance abuse in unknown.
4. Defendant had a bench warrant issued from MD for VOP in November 2001. Although defense counsel pointed out that until prodded MD had not pursued the warrant, emphasizing that MD could have found him if it looked, that excuse misses the point and shows that defendant is not inclined to abide by court orders.
5, For the reckless endangering 1st charge arising in 2001, defendant attempted to escape police when stopped for a traffic offense. In the process he struck a police car. Further he failed to appear on two occasions for court and was convicted 3 times for VOP, the last occurring in December 2003. For this conviction, he was discharged as unimproved.
6. In 2002, he was placed in the 1st offenders program. A capias was issued in June 2006 for failure to pay fines and costs. Another warrant was issued for his failure to appear for a traffic offense on April 2006. Moreover, for the September 2004 traffic offense, defendant attempted to flee police on foot.
7. His criminal history shows that he has 3 outstanding bench warrants, two failures to pay fines and failures to appear. it is doubtful that any order issued by this court will be abided by as evidenced from defendant's past history with a number of state courts in this jurisdiction, as well as state courts in MD.

AO 472 (Rev. 3/86) Order of Detention Pending Trial

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| September 11, 2006 | *signature* |
|---|---|
| Date | Signature of Judicial Officer |
| | Mary Pat Thynge, Magistrate Judge |
| | Name and Title of Judicial Officer |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).