IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DAMIEN L. CUFFY, )<br>)<br>Defendant. ) | Criminal Action No. 06-65-GMS |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Damien L. Cuffy, by and through his attorney, Dennis Caglia, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a plea of guilty to Count II of the Indictment, charging Possession of a Firearm by a Felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), carrying the maximum penalty of ten years incarceration, a $250,000 fine, three years supervised release, and a $100 special assessment.

2. The elements of Possession of a Firearm by a Felon are as follows:

   a. The defendant possessed a firearm;

   b. The defendant's possession was knowing;

    c.    At the time of the defendant's possession, the firearm had affected interstate commerce, and;

    d.    At the time of the defendant's possession he was a convicted felon.

3.    Provided that the United States does not learn after the defendant's entry of a guilty plea of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

4.    The defendant agrees to not contest any state and/or federal administrative forfeiture proceedings regarding a .357 Taurus revolver, serial number LL720560, seized from him by the Dover Police Department on or about March 31, 2006, and to otherwise forfeit to the United States any interest he may have in that firearm.

5.    The defendant understands that at sentencing the District Court must consult the United States Sentencing Guidelines ("U.S.S.G.") and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will ask the Court to calculate the appropriate sentence under the U.S.S.G. and to impose a sentence consistent with the U.S.S.G.

6.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and

statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY<br>
United States Attorney

_____ 8/25/06  By: _____
Dennis Caglia, Esquire              Edmond Falgowski
Attorney for Defendant              Assistant United States Attorney

_____
Damien L. Cuffy
Defendant

Dated: 9/14/06

AND NOW, this __14TH__ day of __Sept.__, 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
Honorable Gregory M. Sleet
United States District Court