

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building　　　　　　　　　　　　(302) 573-6277
1007 Orange Street, Suite 700　　　　　　FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

January 17, 2007

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

  Re: **United States v. Damien Cuffy**
     **Criminal Action No. 06-65-02-GMS**

Dear Judge Sleet:

  At sentencing the United States will recommend a sentence within the Guidelines range of 30-37 months. The United States respectfully submits that the non-custodial sentence William Parson received in State Court does not warrant a variance from defendant Cuffy's Guidelines range.

  In *United States v. Parker*, 462 F.3d 273 (3d Cir. 2006) the Third Circuit ruled that § 3553(a)(6)[1] was enacted to promote national sentencing uniformity, not uniformity among co-defendants. In *Parker*, the Court wrote:

> We have concluded that Congress's primary goal in enacting § 3553(a)(6) was to promote national uniformity in sentencing rather than uniformity among co-defendants in the same case. The kind of 'disparity' with which § 3553(a)(6) is concerned is an unjustified difference across judges (or districts) rather than among defendants to a single case. Therefore, a defendant cannot rely upon § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences.
>
>   Although § 3553(a) does not require district courts to consider sentencing disparity among co-defendants, it also does not prohibit them from

---

[1] 18 U.S.C. § 3553(a) reads in relevant part as follows:

> The court, in determining the particular sentence to be imposed shall consider ... the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

doing so. So long as factors considered by the sentencing court are not inconsistent with those listed in § 3553(a) and are logically applied to the defendant's circumstances, we afford deference to the court's broad discretion in imposing a sentence within a statutory range.

*Id.* at 277. (Citations, footnotes, and quotation marks omitted).

In the instant case William Parson was not Cuffy's co-defendant. Moreover, William Parson is to be distinguished by the quantum of evidence against him and by his projected Guidelines range.

**Evidence**

William Parson and Damien Cuffy were charged in separate counts of the same indictment. Both were made the same plea offer; Cuffy accepted it and pled guilty in District Court, however, Parson rejected the offer. Parson later pled guilty on December 21, 2006, in Superior Court for Kent County, Delaware, to the felony charge of carrying concealed a deadly weapon, pursuant to an agreement whereby the Government agreed to dismiss the Federal charge against him. Immediately after the guilty plea, Parson was sentenced to five years incarceration, suspended to one year intensive probation.

The agreement the U.S. Attorney's Office struck with Parson was solely due to the quantum of the evidence against him. Defendant Cuffy's presentence report, paragraphs 5 through 13, presents the Government's evidence against both Cuffy and Parson. In summary, were the Government to go to trial against Parson, the Government's principle evidence would have been his admission that he owned the tan, puffy coat in which the second handgun was found. Parson made no other statements, incriminating or otherwise. The other three occupants of the car at no time incriminated Parson. There was no forensic, testimonial, or documentary evidence to link Parson to the handgun. The Government had no specific evidence as to when, if ever, Parson had last worn the coat. The United States could not disprove that Parson previously had given the coat to someone else to wear. Further, the coat was recovered from the backseat of the car, shortly after its occupants had attempted to conceal Cuffy's gun from a police officer as he approached the car.

This is not to denigrate the Government's evidence against Parson. The United States was prepared to try the case against Parson in District Court if he rejected the second plea offer, regarding State court.

In summary, the evidence against Parson is not as strong as the evidence against Cuffy. A police officer saw Cuffy throw a handgun into the car. Everything considered the Government believed Parson's guilty plea in State court was the prudent course of action.

Honorable Gregory M. Sleet
January 17, 2007
Page 3

Re: Damien Cuffy

---

**Guidelines Score**

If William Parson were sentenced in District Court his Guidelines range would be approximately one-half that of Cuffy's:

*Possession of Firearm by a Felon*                                      Crim.History III
                                                                         (4-6 points)

**PARSON**
2K2.1(a)(6)(A)      Def is a Prohibited Person              14
3E1.1               Acceptance of Responsibility           - 2
                                              **Total**     12      (15-21 months)

**CUFFY**
2K2.1(a)(4)(A)      One prior crime of violence             20
3E1.1               Acceptance of Responsibility           - 3
                                              **Total**     17      (30-37 months)

In conclusion, the United States submits that the non-custodial sentence that William Parson received in Superior Court does not warrant a variance from defendant Cuffy's Guidelines range.

                                                    Respectfully submitted,

                                                    COLM F. CONNOLLY
                                                    United States Attorney

                                                By: /s/ Edmond Falgowski
                                                    Edmond Falgowski
                                                    Assistant United States Attorney

pc:   Dennis Caglia, Esquire (via Telefax)
      Martin Durkin, U.S. Probation (via Telefax)

EF:slb